**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**HELEN WRIGHT, INDIVIDUALLY, AND AS
ADULT NEXT FRIEND OF W.D.W., A MINOR**                    **PLAINTIFF**

**VS.**                              **Civil Action No. 3:10-CV-193-HTW-LRA**

**RIVER REGION MEDICAL CORPORATION d/b/a
RIVER REGION HEALTH SYSTEM,
VICKSBURG HEALTHCARE, LLC d/b/a
RIVER REGION HEALTH SYSTEM,
ABC d/b/a RIVER REGION HEALTH SYSTEM,
and JOSEPH D. AUSTIN, M.D.**                              **DEFENDANTS**

## ORDER GRANTING ABSTENTION AND REMAND

Whether this court should grant defendants' motion for abstention and remand [docket no. 28], over plaintiff's objection is the key interrogatory this court is called upon to decide.  Defendant Joseph D. Austin, M.D., joined by River Region Medical Corporation d/b/a River Region Health System, Vicksburg Healthcare d/b/a River Region Health System collectively have filed that motion.  ABA d/b/a River Region Health System is an unknown defendant.  Complaint at Section II.  Plaintiff is Helen Wright, individually, and as adult next friend of W.D.W., a minor.

During the litigation of this negligence action in state court, the plaintiff filed in the Bankruptcy Court for the Southern District of Mississippi a voluntary Chapter 7 petition, by which she sought a discharge of her debts.  After that filing, she removed this case to this federal court.  The case in state court had already proceeded through discovery and defendants' motion for summary judgment had been denied.  This case presents the unusual circumstance where the plaintiff, who originally filed her action in state court,

1

now tries to maintain her suit in federal court by invoking this court's bankruptcy jurisdiction.  The defendants ask this court to remand the case to state court for adjudication.

## I.  Facts and Background

On August 10, 2006, plaintiff Helen Wright ("Wright") went to the emergency room at River Region Health System/ River Region Medical Center in Vicksburg, Mississippi.  Complaint at Section III.  She complained to the emergency room staff that she was suffering from severe stomach pain.  *Id.*  The emergency room staff told Wright that they were in communication with her physician, defendant Joseph D. Austin, M.D. ("Austin"), and later discharged her.  *Id.*  That evening, plaintiff Wright gave birth to W.D.W. at her home.  *Id.*

Plaintiff claims that because she gave birth at home, only twenty-eight weeks into her pregnancy, W.D.W. suffered significant permanent physical and mental impairment and disability.  *Id* at Sections III and V.  These injuries, says plaintiff, have required extensive medical treatments and will require ongoing medical care in the future.  *Id.*

Plaintiff sued the defendants herein for negligence on October 3, 2008, in the Circuit Court of Warren County, Mississippi, having provided notice to the defendants[1] of her intent to sue on July 30, 2008.  Complaint at Section VII.  The parties filed an agreed scheduling order in the Circuit Court on March 12, 2009.  The court scheduled a trial date of May 3, 2010.  Agreed Scheduling order [docket no. 28-4].

---

[1] According to plaintiff, she gave appropriate notice to the defendants "pursuant to Mississippi Code Annotated § 15-1-36(15) [. . .]."  Complaint at Section VII.  Miss. Code Ann. § 15-1-36(15) says that "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered."

Plaintiff filed a voluntary petition for bankruptcy on March 31, 2010.  Austin's motion to remand, ¶ 4.  On April 7, 2010, plaintiff removed this action from state court to this federal forum.  For subject matter jurisdiction, she alleged in her removal papers federal question jurisdiction, because, she contended, of her medical malpractice claims' relationship to her bankruptcy proceeding.  In her notice of removal, she cited Title 28 U.S.C. §§ 1331,[2] 1334,[3] 1441,[4] 1446,[5] 1452,[6] and the Federal Rule of

---

[2] Title 28 U.S.C. § 1331 states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Title 28 U.S.C. § 1334, bankruptcy cases and proceedings, states in pertinent part:
(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

[4] Title 28 U.S.C. § 1441 addresses types of actions which are generally removable.  This statute does not address removal based on the bankruptcy jurisdiction of the court.

[5] Title 28 U.S.C. § 1446, procedure for removal, states in pertinent part:
(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

This statute proscribes the procedure for removal of state court actions by defendants.

[6] § 1452. Removal of claims related to bankruptcy cases
(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Bankruptcy Procedure 9027.[7]

Austin filed a motion for abstention and remand on April 16, 2010.  Docket no. 8. The plaintiff moved this court to refer this lawsuit to the bankruptcy court on June 18, 2010.  Docket no. 23.  This court referred the case to bankruptcy court and denied Austin's motion as moot.  In its order dated May 18, 2011, this court stated that Austin could refile his motion for abstention "should the bankruptcy court return this case to this court's docket."  Order of May 18, 2011, docket no. 26.  On August 18, 2011, the bankruptcy court transferred this case back to this district court, citing its lack of authority to decide non-core matters without the parties consent as discussed in the case of *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (June 23, 2011), which was decided after this lawsuit had been transferred to bankruptcy court.

Austin, joined by River Region Medical Corporation and all other named defendants, now has filed this motion for abstention and remand anew, asking this court once again to remand this case to the Circuit Court of Warren County, Mississippi.  The defendants argue that this court should abstain from deciding this tort action on its merits pursuant to Title 28 U.S.C. § 1334(c)(2), which is the mandatory abstention provision under the bankruptcy jurisdiction statute, or in the alternative, should abstain pursuant to the discretionary abstention provision of  Title 28 U.S.C. § 1334(c)(1).  The defendants also petition this court to remand this case on equitable grounds under Title 28 U.S.C. § 1452(b), the bankruptcy remand statute.

The plaintiff, objecting to the defendants' motion to abstain or remand, argues that the mandatory abstention provision of § 1334(c)(2) does not apply to personal

---

[7] Federal Rule of Bankruptcy Procedure 9027 provides the procedural rules and timing for filing the notice of removal under the Bankruptcy Code.

injury tort claims and that the equities here weigh against discretionary abstention and remand.

## II.  Motion for Abstention and Remand

### A. Mandatory Abstention

The defendants argue that this court must abstain pursuant to the mandatory abstention statute, Title 28 U.S.C. 1334(c)(2).[8]  The test to determine if the district court must abstain under this statute encompasses five factors:

1.    A motion has been timely filed requesting abstention;

2.    The cause of action is essentially one that is premised on state law;

3.    The proceeding is non-core or related to the bankruptcy case;

4.    The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and

5.    The proceeding has already been commenced and can be timely adjudicated in state court.  *Berry v. Pharmacia Corp.*, 316 B.R. 883, 888 n.9 (S.D.Miss. 2004).

All factors weigh in favor of mandatory abstention.  The defendants timely filed a motion requesting abstention before this lawsuit was transferred to bankruptcy court. The cause of action is premised entirely on state tort law.  This action is a non-core proceeding, only "related to" the bankruptcy case, which does not involve any aspect of bankruptcy law.  The bankruptcy jurisdictional statutes are the only basis for this court's jurisdiction as both diversity and federal question are lacking.  The proceeding was

---

[8]  Title 28 U.S.C. 1334(c)(2) states:
Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

commenced in state court on October 3, 2008, and was removed less than a month before trial in March of 2010.

The plaintiff argues, however, that mandatory abstention is barred by statute in this case.  Plaintiff cites Title 28 U.S.C. § 157(b)(4) as barring mandatory abstention for personal injury and wrongful death cases which are non-core to the bankruptcy proceeding.

Section 157(b)(5) states:

> [t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Plaintiff's primary case authority is *Berry v. Pharmacia*, 316 B.R. 883 (S.D.Miss. 2004), decided by Judge Tom S. Lee, where the district court determined that the mandatory abstention provision, § 1334(c)(2), did not apply to a non-core personal injury tort suit against the bankruptcy estate.  Title 28 U.S.C. § 157(b)(4) excludes certain non-core proceedings in § 157(b)(2)(B) from mandatory abstention.  Under this statute, mandatory abstention in § 1334(c)(2) does not apply to "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11."  In *Berry*, the court found that because of Congress' concern about the deleterious effects that personal injury claims could have on the bankruptcy estate, the case should be heard in the district court.  316 B.R. at 888.

Defendants counter that the case of *Williamson v. Centr. Miss. Med. Ctr.*, 2006 WL 2043029 (S.D. Miss. 2006), also decided by Judge Lee, is much closer to the facts

of this case than *Berry*.  In *Williamson*, a debtor sued the Central Mississippi Medical Center for injuries he sustained during a medical procedure.  Shortly before going to trial, the plaintiff filed a voluntary petition for Chapter 7 bankruptcy.  The defendants removed the case to federal court, asserting bankruptcy jurisdiction.  The court remanded the case finding it met all the criteria of mandatory abstention under § 1334(c)(2).

This court finds no Fifth Circuit appellate case which specifically addresses whether § 157(b)(4) comes into play when the action is not ***against*** the estate, but by the debtor against a third party.  The district courts which have explicitly addressed this issue disagree.  *See Nase v. Teco Energy, Inc.*, 2010 WL 924290, *4 (E.D.La. March 9, 2010) (This was a personal injury action by bankruptcy debtor against the debtor's employer for injury from exposure to toxic chemicals.  The court stated that mandatory abstention applies in personal injury cases which are filed by the debtor, and "Section 157(b)(4) has no application in this case because Nase's personal injury tort claim is not "against" his estate."); *see Spells v. Spence*, 2006 WL 1983968 (N.D. Miss. 2006) (Medical malpractice suit by bankruptcy debtor against a third party; the court stated that the mandatory abstention provision of § 1334(c)(2) does not apply to non-core personal injury cases.)  More than one district court in the Fifth Circuit has abstained under § 1334(c)(2) in circumstances very similar to this case, without discussing the effect of § 157(b)(4).  *See Williamson v. Centr. Miss. Med. Ctr.*, 2006 WL 2043029 (S.D. Miss. 2006); *see Lee v. Miller*, 263 B.R. 757 (S.D.Miss. 2001)(J.Wingate) (This court abstained under § 1334(c), in a personal injury lawsuit, finding both mandatory and discretionary abstention appropriate.  This court addressed why Title 28 U.S.C.

7

§ 1334(e), which assigns exclusive jurisdiction over the property of the bankruptcy estate, does not bar abstention.)

This court is not persuaded that § 157(b)(4) bars mandatory abstention in this case. The statute specifically states that mandatory abstention is unavailable in cases which involve "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." The issues discussed by the district court in *Berry v. Pharmacia* – that the unpredictable nature of personal injury and wrongful death claims against the bankruptcy estate could negatively effect the estate – are absent here. The reverse is true. Resolution of this matter stands to increase the assets of the bankruptcy estate, should the plaintiff succeed. Further, the bankruptcy creditors will likely wait longer for resolution should this court retain jurisdiction. The matter was set to go to trial, and dispositive motions had already been resolved when it was removed from state court. Returning the lawsuit to the court where discovery and pretrial practice has been completed can only speed its resolution.

Plaintiff has also made a procedural argument, that Title 28 U.S.C. § 157(b)(5) bars this court from transferring this lawsuit to state court because the case has already been removed and considered by the district and bankruptcy courts. Plaintiff cites *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), and *In re Pan American Corp.*, 950 F.2d 839, 845 (2d Cir. 1991), to support her argument.

In *Stern v. Marshall*, the United States Supreme Court addressed whether bankruptcy courts, as Article I courts, can render a final judgment in non-core proceedings. The conflict stemmed from a claim filed against the bankruptcy estate of

8

Vickie Lynn Marshall ("Vickie"), also known as Anna Nichole Smith, by her deceased husband's youngest son, E. Pierce Marshall ("Pierce").[9]  Pierce sued the bankruptcy estate claiming that Vickie had defamed him by "inducing her lawyers to tell members of the press that he had engaged in fraud to gain control of his father's assets."  131 S.Ct. at 2601.  Vickie filed a counterclaim against Pierce for "tortious interference with the gift she expected" from her late husband J. Howard Marshall.  *Id.*  The bankruptcy court granted Vickie summary judgment on the defamation claim filed by Pierce.  After a bench trial, the bankruptcy court ruled in favor of Vickie on her counterclaim against Pierce, awarding her over $425 million in damages.  Pierce filed post-trial motions challenging the bankruptcy court's jurisdiction to enter final judgments in the defamation and tortious interference claims.  The Supreme Court determined these tort claims were non-core proceedings, which the bankruptcy court had statutory authority, but not constitutional authority, to decide.  The Court found that as an Article I court, the bankruptcy court did not have constitutional authority, under Article III, to render a final judgment on these non-core adversarial matters.  The Court addressed § 157(b)(5), saying it was a venue statute which did not address jurisdiction.  Section 157(b)(5), explained the Court, simply specifies where a particular category of cases should be tried.  *Id* at 2607.

The *In Re Pan American* case involved wrongful death actions against a bankruptcy debtor, a division of Pan American Airlines which was involved in the bombing explosion of a flight over Lockerbie, Scotland, in 1988.  When Pan American

---

[9] Both principal parties died during the pendency of the litigation.  Their respective estates continued to pursue the litigation.  This court, as did the Supreme Court in its opinion, refers to the estates by the parties' first names.

filed for bankruptcy in the Southern District of New York, it moved the district court to transfer a number of claims from state court in Florida to district court in New York because the claims were related to the bankruptcy.  The district court abstained under § 1334(c)(1), the discretionary abstention statute, and declined to transfer the cases from state court to federal court.

The Second Circuit did not explicitly address mandatory abstention in this case, but discussed the ability of the district court to transfer a case under Title 28 U.S.C. § 157(b)(5).  The court discussed the language and construction of § 157(b)(5) saying that although it has the mandatory language "shall order," courts have "consistently construed [the statute] to recognize discretion in district courts to leave personal injury cases where they are pending [in state court]."  950 F.2d at 844.  "[T]he Bankruptcy Code "'allows abstention for personal injury cases,' and only 'where abstention does not occur' will the requirement for adjudication in a district court take effect."

Based on this language from *Pan American*, plaintiff says that when the bankruptcy court transfers a personal injury tort claim back to the district court, then the case "sticks" with the district court, because the district court has only limited options for transfer under § 157(b)(5).  Plaintiff seems to argue, that by transferring this case to bankruptcy court, this court has waived its right to apply mandatory abstention.

Plaintiff's argument, that the procedural posture bars this court from applying mandatory abstention, is novel but unconvincing.  The case was initially removed based on this court's bankruptcy jurisdiction.  The court transferred the case to the bankruptcy court pursuant to the standing orders of this district court.  Order of May 18, 2011, at 2.  This court cited the procedural steps necessary when a litigant files a bankruptcy

petition, including the automatic stay and transfer of control of the assets of the estate to the bankruptcy trustee.  This court ruled on the motion to transfer without addressing the merits of the defendants' motion to abstain and remand, stating "[t]his court has only been advised that the plaintiff in this lawsuit has filed bankruptcy and that this lawsuit has been listed as an asset of her bankruptcy estate.  Accordingly, this case must be referred to the bankruptcy court for further disposition.  The bankruptcy court will determine whether this action must remain there, or whether this action may proceed towards adjudication outside the bankruptcy court."  Id at 4.  This court also noted that the defendants would have the opportunity to refile their motion to abstain and remand should the bankruptcy court return the action here.  That has now come to pass and this court takes up the motion to abstain and remand on its merits for the first time.  This circumstance does not bring into play the transfer provision, § 157(b)(5), so as to tie this courts hands to address the motion fully on its merits at this point.  This court finds that mandatory abstention is appropriate in this case.

### B.  Discretionary Abstention and Equitable Remand

Title 28 U.S.C. § 1334(c)(1)[10] allows the court to abstain "in the interest of justice, or in the interest of comity with the State courts or respect for state law."  Abstention under this statute is evaluated applying fourteen factors:

1.      the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

2.      extent to which state law issues predominate over bankruptcy

---

[10] Title 28 U.S.C. § 1334(c)(1) states that "[e]xcept with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

issues;

3.      difficult or unsettled nature of applicable law;

4.      presence of related proceeding commenced in state court or other
        non-bankruptcy proceeding;

5.      jurisdictional basis, if any, other than § 1334(c);

6.      degree of relatedness or remoteness of proceeding to main
        bankruptcy case;

7.      the substance rather than the form of an asserted core proceeding;

8.      the feasibility of severing state law claims from core bankruptcy
        matters to allow judgments to be entered in state court with
        enforcement left to the bankruptcy court;

9.      the burden of the ...court's docket;

10.     the likelihood that the commencement of the proceeding in the
        [district] court involves forum shopping by one of the parties;

11.     the existence of a right to a jury trial;

12.     the presence in the proceeding of non-debtor parties;

13.     comity; and

14.     the possibility of prejudice to other parties in the action.  *Walton v.
        Tower Loan Corp. of Miss.*, 338 F.Supp.2d 691, 698 (N.D.Miss
        2004).

        Defendants' argue that the bulk of the factors weigh heavily in favor of

abstention.  Defendants point out that this is solely a state law negligence action, which

progressed in state court almost to trial before removal.  Further, the debtor was

granted a discharge of her bankruptcy on July 13, 2010, so no automatic stay is yet in

place.  The matter can be more efficiently adjudicated in state court, as all discovery

has been conducted and dispositive motions decided.  Defendants argue that both

parties would be prejudiced if this court retains jurisdiction because the case would be

re-litigated in this court at considerable additional expenditure of time and money.

The plaintiff concedes that the discretionary abstention statutes apply to non-core, state law tort proceedings, but, she argues, federal district courts should abstain only in narrow and limited cases. *Pan American*, 950 F.2d at 845.  Wright argues that because this lawsuit is the primary asset of the bankruptcy estate, her creditors have a vested interest in the outcome of this case, and it should be adjudicated in federal court.  Further, says plaintiff, the principles of comity and state law do not weigh in favor of abstention because this case features no issues of unsettled state law.  *In re Cemetery Dev. Corp*, 59 B.R. 115, 126 (M.D. La. 1986) ("Regarding comity and respect for state law, the legislative history indicates that abstention is appropriate to avoid federal judicial decision of an issue of particular state concern that involves conflicting and unsettled state . . . law.").  Further, says plaintiff, Dr. Austin will not suffer prejudice if this court exercises jurisdiction because the discovery and depositions taken in the state court case can be used in adjudicating this matter in federal court.

This court, though, agrees with the defendants that the discretionary abstention factors weigh heavily in favor of abstention.  Remand to state court will not have an adverse effect on the efficient administration of the estate.  Plaintiffs claims may be litigated in state court to their conclusion.  Once resolved, the bankruptcy trustee can take control of any resulting proceeds as assets of the estate.  Retention of the claims in federal court will almost certainly require some duplication of efforts already expended in state court and mean delay for final resolution of the claims.  Although the applicable law is not unsettled, state law is the only law at issue in this negligence case.  Other applicable factors which weigh in favor of abstention are: the complete lack of

13

jurisdictional basis apart from § 1334, bankruptcy jurisdiction; an absence of any relationship to the bankruptcy case, except for the lawsuit's potential to infuse assets into the estate; and the prejudice which will be involved in transferring the adjudication of these claims to this court at such a late stage in the proceedings.

For these reasons, this court finds that it should exercise discretionary abstention in this case.

### C.  Remand on Equitable Grounds

The analysis for remand based on equitable grounds under the bankruptcy statute, Title 28 U.S.C. § 1452, is the same as that for discretionary abstention discussed above.  Courts consider the same factors to decide whether this type of remand is appropriate.  *See In re: Special Value Continuation Partners, L.P.*, 2011 WL 5593058 (S.D. Tex. 2011) (Court considers discretionary abstention, under § 1334(c)(1), and equitable remand, under § 1452(b), together in a single analysis, applying the fourteen factors applicable to discretionary abstention.).

### III.  Conclusion

For the reasons discussed above, this court finds that it should abstain from hearing the merits of this case pursuant to both Title 28 U.S.C. §§ 1334(c)(1) and (2). The court also finds that this lawsuit should be remanded to the Circuit Court of Warren County, Mississippi, pursuant to Title 28 U.S.C. § 1452.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2012.

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:10-CV-193-HTW-LRA
Order Granting Abstention and Remand

14